UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| DAWN K. FRANKO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:09-CV-233-TS |
| ALL ABOUT TRAVEL, INC., and DENISE ZENCKA, | ) | |
| Defendants. | ) | |
| DENISE ZENCKA, | ) | |
| Counter-Plaintiff, | ) | |
| v. | ) | |
| DAWN K. FRANKO, | ) | |
| Counter-Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on a Motion for Clerk to Enter Default [DE 8], filed by the Plaintiff on October 16, 2009. The Plaintiff seeks the entry of default against Defendant All About Travel, Inc.

**A.      Background**

On August 10, 2009, the Plaintiff, Dawn K. Franko, filed a Complaint against All About Travel., Inc., and Denise Zencka, the owner, manager, and operator of All About Travel. The Plaintiff alleges that the Defendants committed violations of the Fair Labor Standards Act and the Wage Payment and Claims Statute. The Plaintiff's first attempt at service by certified mail upon All About Travel failed, and on September 2 the Plaintiff sent a copy of the Summons and

Complaint to All About Travel via regular mail. On September 10, a Motion for Extension of Time to Answer or Otherwise Respond to the Complaint was filed by "the Defendants, All About Travel, Inc., and Denise Zencka . . . pro se" [DE 5]. On September 30, Magistrate Judge Paul Cherry granted Denise Zencka until October 14 to file an answer, but noted that individual Defendant Denise Zencka was not allowed to represent corporate Defendant All About Travel. However, in the interests of justice, the Court sua sponte also extended the deadline to October 14 for Defendant All About Travel to respond to the Complaint.

On October 14, Zencka, still proceeding pro se, filed an Answer to Complaint, Affirmative Defenses, and Counterclaim. In her Counterclaim, Zencka asserts claims against Franko for breach of a confidentiality and covenant not to compete agreement, malicious prosecution, and abuse of process. On October 16, the Plaintiff requested that the Clerk enter default against Defendant All About Travel pursuant to Federal Rule of Civil Procedure 55(a) because no attorney had appeared for the corporate Defendant or submitted a responsive pleading. Supporting affidavits were filed later, on October 26.

In a letter dated October 20, Zencka acknowledged her understanding that she was not allowed to represent and defend her company, but requested that she be allowed to do so for financial reasons. She also stated that the Plaintiff's claims were without merit, and that the Plaintiff herself had violated the law. On October 22, Magistrate Judge Cherry issued an order denying Zencka's request to be permitted to represent the corporate Defendant and directing the Clerk to modify the docket to remove the indication that Defendant All About Travel, Inc., was pro se. The Order did not address the missed deadline for filing a responsive pleading.

**B.     Analysis**

Zencka's letter was, in essence, a request for the Magistrate Judge to reconsider his prior ruling that individual Defendant Denise Zencka was not allowed to represent corporate Defendant All About Travel. The Magistrate Judge was correct to deny Zencka's request to represent All About Travel, or for All About Travel to represent itself pro se. Because a "corporation is an abstraction, and abstractions cannot appear pro se," "corporations must appear by counsel or not at all." *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) (citing *Strong Delivery Ministry Ass'n v. Bd. of Appeals*, 543 F.2d 32, 33–34 (7th Cir. 1976)). The Court is sympathetic to Zencka's financial position, but she chose to accept the advantages of incorporation and must now "bear the burdens that accompany the benefits of the corporate form and may appear in federal court only through a licensed attorney." *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). Zencka, through her request to the Magistrate Judge, has clearly evidenced All About Travel's intent to respond and defend against the Plaintiff's lawsuit. As it would not have been obvious to Zencka, as a non-attorney, that there is no exception to the rule that she cannot appear pro se on her corporation's behalf, the Court will extend All About Travel's deadline for obtaining counsel and to file an answer by an additional thirty days.

Based on the foregoing, the Court:

(1)     ORDERS that All About Travel, Inc., file an Answer signed by a licensed attorney by Monday, November 30, 2009;

(2)     WARNS All About Travel, Inc., that failure to comply with this Order will result in the entry of default by the Clerk and could result in the entry of default judgment; and

(3) DENIES WITHOUT PREJUDICE the Plaintiff's Motion for Clerk to Enter Default [DE 8].

SO ORDERED on October 27, 2009.

                                     s/ Theresa L. Springmann
                                     THERESA L. SPRINGMANN
                                     UNITED STATES DISTRICT COURT
                                     FORT WAYNE DIVISION