UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DAWN K. FRANKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:09-CV-233-TS |
| | ) | |
| ALL ABOUT TRAVEL, INC., and | ) | |
| DENISE ZENCKA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| DENISE ZENCKA, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAWN K. FRANKO, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**OPINION AND ORDER**

A Clerk's Entry of Default has been entered against the corporate Defendant, All About Travel Inc., pursuant to Federal Rule of Civil Procedure 55(a). This matter is before the Court on Defendant Denise Zencka's request for additional time to obtain counsel to represent All About Travel.

**A.    Background**

On August 10, 2009, the Plaintiff, Dawn K. Franko, filed a Complaint against All About Travel., Inc., and Denise Zencka, the owner, manager, and operator of All About Travel. The Plaintiff alleges that the Defendants committed violations of the Fair Labor Standards Act and the Wage Payment and Claims Statute. The Plaintiff's first attempt at service by certified mail

upon All About Travel failed, and on September 2 the Plaintiff sent a copy of the Summons and Complaint to All About Travel via regular mail. On September 10, a Motion for Extension of Time to Answer or Otherwise Respond to the Complaint was filed by "the Defendants, All About Travel, Inc., and Denise Zencka . . . pro se" [DE 5]. On September 30, Magistrate Judge Paul Cherry granted Denise Zencka until October 14 to file an answer, but noted that individual Defendant Denise Zencka was not allowed to represent corporate Defendant All About Travel. However, in the interests of justice, the Court sua sponte also extended the deadline to October 14 for Defendant All About Travel to respond to the Complaint.

On October 14, Zencka, still proceeding pro se, filed an Answer to Complaint, Affirmative Defenses, and Counterclaim. In her Counterclaim, Zencka asserts claims against Franko for breach of a confidentiality and covenant not to compete agreement, malicious prosecution, and abuse of process. On October 16, the Plaintiff requested that the Clerk enter default against Defendant All About Travel pursuant to Federal Rule of Civil Procedure 55(a) because no attorney had appeared for the corporate Defendant or submitted a responsive pleading. Supporting affidavits were filed later, on October 26.

In a letter dated October 20, Zencka acknowledged her understanding that she was not allowed to represent and defend her company, but requested that she be allowed to do so for financial reasons. She also stated that the Plaintiff's claims were without merit, and that the Plaintiff herself had violated the law. On October 22, Magistrate Judge Cherry issued an order denying Zencka's request to be permitted to represent the corporate Defendant and directing the Clerk to modify the docket to remove the indication that Defendant All About Travel, Inc., was pro se. The Order did not address the missed deadline for filing a responsive pleading.

On October 27, the Court denied without prejudice the Motion for Clerk to Enter Default against All About Travel, giving the corporate Defendant an additional thirty days to file an answer signed by a licensed attorney. The Court warned that failure to comply with the deadline would result in the entry of default by the Clerk. On December 1, having not received a responsive pleading from All About Travel, the Clerk filed an Entry of Default against it [DE 15]. On this same date, Zencka filed a Motion for Extension of Time to Retain Counsel, requesting an additional ninety days to find affordable legal representation for her company.

**B.     Analysis**

Because a "corporation is an abstraction, and abstractions cannot appear pro se," "corporations must appear by counsel or not at all." *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) (citing *Strong Delivery Ministry Ass'n v. Bd. of Appeals*, 543 F.2d 32, 33–34 (7th Cir. 1976)). Zencka has been informed by the Court on three separate occasions—September 30, October 22, and October 27—that she cannot represent All About Travel.

The latest request for an extension of time to retain counsel is, in essence, a request for an extension of time for All About Travel to file a responsive pleading. The request is untimely in light of the deadline established by the Court's October 27 Order, and it is rendered moot by the entry of default, and it will thus be denied. The motion is also an attempt by Zencka to act in behalf of or as an agent for All About Travel, which she cannot do. That the Court can no longer grant an extension of time to file a responsive pleading does not mean that All About Travel cannot still obtain counsel to enter an appearance in this case and to defend it in any manner that

is appropriate, including using the procedural mechanisms that are available to set aside a clerk's entry of default.

**C.      Conclusion**

For the foregoing reasons, the Motion for Extension of Time to Retain Counsel [DE 16] is DENIED as MOOT.

SO ORDERED on December 7, 2009.

                                       s/ Theresa L. Springmann
                                      THERESA L. SPRINGMANN
                                      UNITED STATES DISTRICT COURT
                                      FORT WAYNE DIVISION