UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

DAWN K. FRANKO, )
 )
    Plaintiff, )
 )
    v. ) CAUSE NO.: 2:09-CV-233-TLS
 )
ALL ABOUT TRAVEL, INC., and )
DENISE ZENCKA, )
 )
    Defendants. )
_____ )
 )
DENISE ZENCKA, )
 )
    Counter-Plaintiff, )
 )
    v. )
 )
DAWN K. FRANKO, )
 )
    Counter-Defendant. )

**OPINION AND ORDER**

This matter comes before the Court on a Motion for Relief From Default [ECF No. 42], filed by Defendant All About Travel, Inc., on September 15, 2011. All About Travel moves the Court to set aside the entry of default entered against it on December 1, 2009. The Plaintiff, Dawn K. Franko, opposes All About Travel's request [Opp'n to Mot. for Relief From Default, ECF No. 46].

**A.    Background**

On August 10, 2009, the Plaintiff, Dawn K. Franko, filed a Complaint against All About Travel, Inc., and Denise Zencka, the owner, manager, and operator of All About Travel. The Plaintiff alleges that the Defendants committed violations of the Fair Labor Standards Act and

the Wage Payment and Claims Statute. The Plaintiff's first attempt at service by certified mail upon All About Travel failed, and on September 2 the Plaintiff sent a copy of the Summons and Complaint to All About Travel via regular mail. On September 10, a Motion for Extension of Time to Answer or Otherwise Respond to the Complaint was filed by "the Defendants, All About Travel, Inc., and Denise Zencka . . . pro se" [ECF No. 5]. On September 30, Magistrate Judge Paul Cherry granted Denise Zencka until October 14 to file an answer, but noted that individual Defendant Denise Zencka was not allowed to represent corporate Defendant All About Travel. However, in the interests of justice, the Court sua sponte extended the deadline to October 14 for Defendant All About Travel to respond to the Complaint.

On October 14, Zencka, still proceeding pro se, filed an Answer to Complaint, Affirmative Defenses, and Counterclaim. In her Counterclaim, Zencka asserts claims against Franko for breach of a confidentiality and covenant not to compete agreement, malicious prosecution, and abuse of process. On October 16, the Plaintiff requested that the Clerk enter default against Defendant All About Travel pursuant to Federal Rule of Civil Procedure 55(a) because no attorney had appeared for the corporate Defendant or submitted a responsive pleading.

In a letter dated October 20, Zencka acknowledged her understanding that she was not allowed to represent and defend her company, but requested that she be allowed to do so for financial reasons. She also stated that the Plaintiff's claims were without merit, and that the Plaintiff herself had violated the law. On October 22, Magistrate Judge Cherry issued an order denying Zencka's request to be permitted to represent the corporate Defendant and directing the Clerk to modify the docket to remove the indication that Defendant All About Travel was pro se.

The Order did not address All About Travel's missed deadline for filing a responsive pleading.

On October 27, this Court denied without prejudice the Motion for Clerk to Enter Default against All About Travel, giving All About Travel an additional thirty days to file an answer signed by a licensed attorney. The Court warned that failure to comply with the deadline would result in the entry of default by the Clerk against All About Travel. On December 1, no responsive pleading from All About Travel having been filed, the Clerk filed an Entry of Default against it [ECF No. 15] for failure to plead or otherwise defend as provided by Federal Rule of Civil Procedure 55(a). On this same date, Zencka filed a Motion for Extension of Time to Retain Counsel, stating that, due to financial hardship, she was still in the process of obtaining counsel for All About Travel and requesting an additional ninety days. On December 7, the Court denied as moot Zencka's Motion for Extension, reasoning as follows:

> The latest request for an extension of time to retain counsel is, in essence, a request for an extension of time for All About Travel to file a responsive pleading. The request is untimely in light of the deadline established by the Court's October 27 Order, and it is rendered moot by the entry of default, and it will thus be denied. The motion is also an attempt by Zencka to act on behalf of or as an agent for All About Travel, which she cannot do. [However, t]hat the Court can no longer grant an extension of time to file a responsive pleading does not mean that All About Travel cannot still obtain counsel to enter an appearance in this case and to defend it in any manner that is appropriate, including using the procedural mechanisms that are available to set aside a clerk's entry of default.

(Dec. 7, 2009, Opinion & Order, ECF No. 17.)

On January 13, 2010, Attorney Adam Decker filed an appearance on behalf of Zencka and All About Travel. On May 27, 2011, Attorney Decker moved to withdraw his appearance, which the Court granted on June 6. On June 20, Attorney Rosalind Parr entered her appearance on behalf of the Defendants. On September 15, All About Travel moved to set aside the entry of default, arguing that it has established good cause for the default, that new counsel has taken

3

quick action to correct the default, and that the Plaintiff would not be prejudiced. The Plaintiff opposes the Motion.

**B.    Analysis**

Federal Rule of Civil Procedure 55(c) states: "The court may set aside an entry of default for good cause." A party seeking to vacate an entry of default before final judgment has been entered must make the following showing: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009) (quotation marks and citations omitted). This standard is more liberally applied than if judgment had been entered. *Id.* at 631. The policy in the Seventh Circuit is to "favor[ ] trial on the merits over default judgment." *Id.*; *see also Bieganek v. Taylor*, 801 F.2d 879, 881 (7th Cir. 1986) (noting in the context of default judgments that there is a "precious balance which must be stricken between the policy favoring litigation on the merits and the need to promote efficiency in the administration of justice and avoid prejudice to parties who have conducted themselves responsibly").

All About Travel asserts that good cause exists for the default because Zencka tried to personally represent All About Travel before the default was entered, was not able to because of its corporate status, and could not afford to hire counsel until January 2010. The Defendant argues that All About Travel has failed to show good cause why it was incapable of obtaining counsel within the three months granted by the Court.

Zencka, through her request to the Magistrate Judge for an extension of time, clearly evidenced All About Travel's intent to respond and defend against the Plaintiff's lawsuit. It

4

would not have been obvious to Zencka, as a non-attorney, that she could not appear pro se on her corporation's behalf. After Zencka was advised of this rule, she filed an Answer to Complaint, Affirmative Defenses, and Counterclaim on her own behalf, in which she responded to all of the Plaintiff's allegations. Then, in response to the Plaintiff's request for the entry of default, Zencka sent the Magistrate Judge a letter acknowledging her understanding that she was not allowed to represent and defend her company, but requesting that she be allowed to do so for financial reasons. Zencka explained that a few attorneys had advised her that the retainer for representation in federal court "would cost upwards of $10,000—money that neither I or All About Travel have at this time." (10-22-09 Letter, ECF No. 10.) She asserted that, as a small business attempting to operate in the travel business in tough economic times, there were no extra funds to defend a meritless lawsuit. Although the request for Zencka to represent All About Travel was denied, the Court gave All About Travel an additional thirty days to file an answer signed by a licensed attorney. The Court warned that failure to comply with the deadline would result in the entry of default by the Clerk. All About Travel missed the deadline and the Clerk entered Default on December 1, 2009. On this same date, Zencka filed a Motion for Extension of Time to Retain Counsel, stating that, due to financial hardship, she was still in the process of obtaining counsel for All About Travel and requesting an additional ninety days. The Court denied this request as moot because default had already been entered.

      The Court finds that All About Travel did not ignore the pending litigation or wilfully refuse to participate in the litigation. Rather, her submissions establish that the financial burden of hiring a lawyer was the cause of her delay, and that she would have responded (and did) but for the rule against corporations appearing pro se. There is no reason to believe that her stated

financial difficulties were feigned. In addition, she continued to seek affordable counsel and was eventually able to secure representation, at which time the case proceeded with discovery. Under these circumstances, the first prong of the inquiry under Rule 55(c) is satisfied.

Although All About Travel's first lawyer did not take quick action to correct the default, the delay does not appear to be prejudicial nor does the enforcement of the default appear to be necessary to promote the efficient administration of justice and thus there is still "good cause," Fed. R. Civ. P. 55(a), to set aside the default. As the case proceeded through the pretrial phase, the parties participated in a preliminary pretrial conference with Magistrate Judge Cherry on April 8, 2010. The docket entry text for this conference states that counsel "will meet and discuss whether to file a motion to set aside the clerks entry of default against the corporate defend[ant] or whether to proceed with default/damages hearing against the corporate defend[ant]" [ECF No. 24]. Although Attorney Decker did not file a motion to set aside the entry of default during his representation of All About Travel, neither did the Plaintiff move for a default judgment and make a showing of damages. In the meantime, discovery and attempts at discovery were not limited to the claims against Defendant Zencka to the exclusion of All About Travel. Then, within three months of Attorney Para's entrance of her appearance, she filed a Motion for Relief From Default Judgment. This came before the close of discovery and before a trial date was set. Given the current status of the case and its procedural history, the Court finds that the corrective action has not come too late.

The meritorious defense prong requires only that a defendant "notif[y] the plaintiff and the district court of the nature of [its] defense and provide[ ] the factual basis for that defense," *Cracco*, 559 F.3d at 631. Defendant Zencka's Answer satisfies this inquiry. She asserts in

6

response to the Plaintiff's wage claims that overtime was strictly prohibited as outlined in the employee handbook, that All About Travel did not deny the Plaintiff payment of agreed wages upon her separation of employment, and that the Plaintiff voluntarily quit her employment. She also asserts that the Plaintiff's compensation consisted solely of sales commissions.

The Court finds that the purpose and intent of Rule 55(c) has been satisfied, that there is good cause to set aside the default, and that vacating the default against All About Travel will fulfill the policy in favor of trial on the merits. Accordingly, the Motion for Relief From Default will be granted.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant All About Travel's Motion for Relief From Default [ECF No. 42]. Defendant All About Travel is granted until Monday, November 14, 2011, to file an Answer to the Plaintiff's Complaint for Damages.

SO ORDERED on November 7, 2011.

                                                 s/ Theresa L. Springmann
                                                 THERESA L. SPRINGMANN
                                                 UNITED STATES DISTRICT COURT
                                                 FORT WAYNE DIVISION