# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| DAWN K. FRANKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:09-CV-233 JVB |
| ) | |
| ALL ABOUT TRAVEL INC., et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Dawn Franko's motion for a default judgment against Defendant All About Vacations Inc. (AAV).

**A.     Background**

Plaintiff's original complaint was filed against All About Travel Inc. (AAT) and Denise Zencka. She alleged that she was an employee of AAT and that both AAT and Zencka were employers under the Fair Labor Standards Act (FLSA) who failed to pay her minimum wages and overtime for all the hours she worked, in violation of the FLSA. She also made state law claims against AAT and Zencka for violation of the Indiana Wage Payment and Wage claims statutes. Zencka and AAT filed counterclaims against Franko. The parties filed cross-motions for summary judgment. Plaintiff was awarded $3,075 on her claim under the Wage Payment Statute. Plaintiff's claims for unpaid commissions under the Wage Payment Statute as well as

some of Franko's counterclaims were dismissed.[1] Then AAT and Zencka filed bankruptcy.

Plaintiff was granted leave to file an amended complaint. The amended complaint is identical to the original complaint in all respects except that it names AAV as an additional defendant and alleges "AAV is the successor of AAT." (DE 111, ¶ 6.) AAV failed to appear and Plaintiff moved for a clerk's entry of default. Default was entered against AAV on November 19, 2013. Plaintiff has now moved for a default judgment against AAV, requesting $10,651.06 in actual damages and $17,716.61 in liquidated damages for violations of state and federal law together with $48,649.75 in attorneys fees and $3,709.09 in costs.

**B.     Discussion**

Plaintiff's amended complaint is an apparent attempt to assert successor liability against AAV for the FLSA and state law violations alleged against AAT. However, the complaint is devoid of any facts to plausibly suggest that there is such a continuity of operations between AAV and AAT that AAV should be held liable for AAT's violations or that any of the other factors that permit successor liability are present here. *See, e.g., Musikwamba v. ESSI, Inc.*, 760 F.2d 740, 750–51 (7th Cir. 1985). In other words, Plaintiff's amended complaint fails to state a claim for successor liability against AAV.

Default judgment is appropriate only if the well-pleaded allegations of the complaint are sufficient to establish a legal claim. *Gard v. B & T Fin. Serv.*, No. 2:12-CV-5, 2013 WL 228816, *1 (N.D. Ind. Jan. 22, 2013). *See also Marshall v. Baggett*, 616 F.3d 849, 854 (8th Cir. 2010)

---

[1]Later, the parties stipulated to the dismissal of the remaining counterclaims, leaving for trial Plaintiff's FLSA claims.

(default judgment against corporate officer reversed where complaint on corporate debt failed to allege any basis for officer's individual liability).  Because Plaintiff has failed to state a claim against AAV, the Court cannot grant her motion.

**C.     Conclusion**

For the foregoing reasons, Plaintiff's motion for default judgment against Defendant All About Vacations Inc. (DE 137) is DENIED. The Court grants Plaintiff leave to amend her amended complaint by July 18, 2014.

SO ORDERED on June 19, 2014.

 s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge